[Sac. No. 1011.    Department Two.—July 23, 1903.]

J. M. MILLER, Respondent, v. J. G. THOMPSON et al., Defendants.    N. DONDERO, Appellant, and J. G. STURGEON et al., Respondents.

WATER-RIGHTS—JUDGMENT DETERMINING RIGHTS OF PARTIES—FINDINGS —APPEAL FROM JUDGMENT—LACHES—PRIORITY OF RIGHT.—Upon appeal from a judgment determining the several water-rights of the parties in a stream, taken upon the findings, objections as to laches of the plaintiff and want of priority of right of one of the respondents over the appellant, which are expressly disposed of by the findings, are untenable.

ID.—PLEADING—RIGHTS OF DEFENDANTS AGAINST EACH OTHER—ANSWER—AFFIRMATIVE RELIEF—CROSS-COMPLAINT.—Where each of the defendants, including the appellant, pleaded his rights affirmatively in his answer, and prayed to have them adjudicated, the rights of the defendants as against each other were in issue, and a finding as to the priority of the rights of one of the defendants over those of the appellant is not outside of the issues because not set forth in a cross-complaint.

APPEAL from a judgment of the Superior Court of Mono County.    R. C. Rust, Judge.

The facts are stated in the opinion.

O. F. Hakes, and R. S. Miner, for Appellant.

W. O. Parker, for J. M. Miller, Respondent.

J. D. Murphey, for J. G. Sturgeon et al., Respondents.

Charles L. Hayes, for A. Gardella et al., Respondents.

White Smith, for R. P. McGahn et al., Respondents.

SMITH, C.—This is an appeal on the findings from a judgment for the plaintiff and certain of the defendants. The suit was brought to establish the plaintiff's title to the waters of Mill Creek in the county of Mono, to the extent of 680 inches, measured under a four-inch pressure, and for an injunction. The plaintiff's lands are riparian to the creek. Those of the defendants are scattered throughout the township in which plaintiff's lands are situate—but whether riparian or not is not found. The usual water supply of the creek during the irrigating season is 3,300 inches; and by the findings and judgment of the court this is distributed among the parties plaintiff and respondent, in certain specified quantities; the order of distribution being (so far as necessary to state it) as follows: To defendant Sturgeon, 600 inches, his being the first right; to the plaintiff, 300 inches, subject to the right of Sturgeon; to other defendants, respectively, in the order named, various quantities, the right of each being subject to the rights of the defendants previously named; to defendant Gardella, 240 inches, subject to the rights of the plaintiff and defendants above referred to; to the defendant Dondero, the appellant, 390 inches, subject to the rights of the plaintiff and of Gardella and preceding defendants; and to other defendants various quantities, subject to the rights of the appellant and preceding parties, as above enumerated. And with reference to each it is found, in effect, that he is the owner of an interest in the waters of Mill Creek, and of a usufructuary right therein to the extent specified. Judgment was accordingly entered adjudging the ownership of the parties to the use of the stream as specified, and enjoining the defendants, other than Sturgeon, from diverting from the creek the water to which the plaintiff was adjudged to be entitled.

The points of objection urged by appellant to the judgment are: 1. Laches on the part of the plaintiff in asserting his rights; 2. The want of findings to show the priority of Gar-

della's right over his own; and 3. The insufficiency of the pleadings to justify an adjudication of the rights of the defendants as between themselves. But the first of these objections—assuming it to be otherwise worthy of consideration—is disposed of by the finding that the plaintiff and his predecessors have not only been the owners of the right adjudged to the former ever since the year 1878, but that during all that period they have continuously exercised their right. And the second is disposed of by the finding that the appellant's right to use the water adjudged to him is "subject to the rights of the defendants Gardella" and others, and of the plaintiff. This leaves only the last objection to be considered, which, specifically stated, is, that the rights of the defendants as against each other were not put in issue by cross-complaints or otherwise, and hence that the findings and judgment of the court as to their rights with relation to each other, are outside the issues. But each of the defendants, including the appellant, pleaded his rights affirmatively and prayed to have them adjudicated; which was, in effect, to ask the court to determine the rights of each, not only as between himself and the plaintiff, but also as between himself and his co-defendants. For otherwise his rights could not be established as prayed for; and accordingly the case was tried on this theory.

We advise that the judgment be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Henshaw, J., Lorigan, J., McFarland, J.